### ISAAC PAUL v. HENRY HILL.

### April Term, 1877.

SECURITY FOR COSTS — WHEN A RULE TO JUSTIFY OR GIVE OTHER SECURITY COMES TOO LATE. — Under a statute which provides that a party may be ruled to justify or give new security for costs "at any stage of the cause," the motion comes too late in a case where the bill was filed for a partnership account, a final decree rendered which was affirmed with modification by the Supreme Court, and the account retaken after the remand.

*Helms & Lellyett*, for complainant.
*M. M. Brien*, for defendant.

THE CHANCELLOR : — Bill filed many years ago for a partnership account and settlement between complainant and defendant as partners. Such proceedings were had that the cause was heard and a decree for an account rendered, upon which an account was taken and a final decree rendered. An appeal was taken to the Supreme Court, where the decree was modified, and the case remanded to retake the account. The account has been retaken, and now stands upon the master's report, and exceptions thereto ready for final action by the court.

In this stage of the cause, the defendant comes and moves the court for a rule upon the complainant to give new security for costs, under the Code, sec. 3191. The motion

is sustained by affidavit stating the death of one of the original sureties, and the insolvency of his estate ; that the other surety is also insolvent ; and that the original complainant is also dead, and his estate insolvent, the suit being now prosecuted by his personal representative.

The *motion comes too late.* The section of the Code mentioned provides, it is true, that a party may be ruled to justify or give new security for costs " at any stage of the cause." But this language may be sufficiently satisfied by limiting its meaning to any stage of the cause until a hearing on the merits has been reached, and rights settled by a decree, — such a decree as may be appealed from. Unless some limitation is adopted, the right to require security would follow the cause to the appellate court. A complainant who has recovered a final decree in this court against the defendant for his debt and costs might, nevertheless, upon being taken to the Supreme Court by appeal of the defendant, be compelled to give new security in that court at the instance of the latter. No one, I presume, would insist upon a construction leading to such a result. A decree for an account, moreover, is a decree in favor of the defendant as well as the complainant. After it has been rendered, why should not the complainant get rid of the case, if he finds the balance turning against him, by a rule upon the defendant for new security, as well as the latter by a rule on the former? Besides, upon the construction contended for, one of several defendants, who might not care to risk the result, might, by a rule upon a willing complainant, deprive his co-respondents of the benefits of an actual decree. The suit which, under the statute, may be dismissed at any stage for want of security is the suit before decree on the merits settling rights, although much may yet remain to be done before the exact amount of recovery is ascertained. The letter of the statute, as well as its spirit, is sufficiently satisfied by this construction, and cannot be extended further without resulting in the manifest absurdity of depriving a party of

the benefits of a decree at a term subsequent to its rendition, contrary to the uniform current of authority, upon a statutory provision having certainly no such object in view.

The motion must be disallowed.